# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. UNDERWOOD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant.<br>_____/ | CASE NO. 1:08-cv-01241-SMS<br><br>ORDER GRANTING MOTION FOR<br>ATTORNEYS' FEES UNDER<br>42 U.S.C. § 406(b)<br><br>(Doc. 31) |

Plaintiff moves the Court to grant attorneys' fees of $6,501.13 and the $350 filing fee under the Equal Access to Justice Act (28 U.S.C. § 2412 (d)) ("EAJA"). The Government objects to Plaintiff's fee request, contending duplication of effort by the two attorneys working of Plaintiff's behalf. Having reviewed the motion and its supporting documentation, as well as the case file, this Court reduces Plaintiff's claim for her attorneys' unreasonable duplication of effort and unnecessary carelessness, but orders payment of reduced fees and costs.

## I.  Legal and Factual Background

On August 21, 2008, Plaintiff, proceeding pro se, filed a complaint appealing the Commissioner's decision denying disability benefits. Thereafter, she served Defendant and proceeded to prosecute her appeal. On January 28, 2009, Plaintiff filed a notice substituting Ann M. Cerney as her attorney. On June 11, 2009, following Plaintiff's presentation of a confidential memorandum, the parties stipulated to a sentence-four remand to the Commissioner of Social Security for further development of the record and requested that the Court enter judgment

reversing the Commissioner's decision.  The Court entered judgment on June 16, 2009.  Plaintiff filed a motion for attorneys' fees under the EAJA on September 15, 2009.

**II.    Discussion**

28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

A prevailing party under the EAJA is one who has gained by judgment or consent decree a material alteration of the legal relationship of the parties.  *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002).  A claimant who obtains a sentence four remand in a Social Security case is a prevailing party for EAJA purposes.  *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).

Under the EAJA, attorneys' fees must be reasonable.  28 U.S.C. § 2412(d)(1)(A); *Perez-Arellano,* 279 F.3d at 794. The Court generally starts with the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, and must provide a concise and clear explanation of the reasons for its determination.  *Hensley v. Eckerhart*, 461 U.S. 424, 433, 437 (1983); *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary.  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), *cert. denied*, 493 U.S. 1035 (1990).

Preparing and reviewing court documents are appropriately included as attorney tasks. *Williams v. Apfel*, 2000 WL 684259 at *2 (S.D. Ind. April 20, 2000) (No. IP 98-1396-C H/C). Plaintiffs who are otherwise eligible for EAJA fees are also entitled to recover for the time reasonably spent in litigating their request for fees, without regard to whether or not the government's position with respect to the fee request was substantially justified. *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S 154, 160-66 (1990).

The Government objects to Plaintiff's fee request, citing both the unnecessary duplication of attorneys Cerney's and Bohr's reviews of the administrative record and initial research and attorney Bohr's failure to provide a declaration setting forth the work she performed in detail. This Court agrees that the requested fees should be reduced, but not to the extent that the Government advocates.

First, Plaintiff contends that Bohr's declaration was allegedly prepared but omitted in Plaintiff's initial petition for fees and costs. The Court notes that Plaintiff's initial submission was carelessly prepared, not only omitting Bohr's declaration, but including a legal memorandum intended for submission with an unrelated case. Plaintiff did not correct the error until the Government commented on it in its brief. Cerney's carelessness unnecessarily complicated and increased the work of opposing counsel and this Court. On November 2, 2009, attorney Bohr increased her total hours by 4.0 to reflect preparation of Plaintiff's reply brief regarding her request for attorneys' fees.

Because Cerney's review of the materials to be submitted failed to detect and correct the errors, her claim for .1 hour spent reviewing the claim for attorneys' fees with be disqualified as unreasonable. Similarly, because Cerney's negligent review led to unnecessary argument in the Government's brief and so unnecessarily increased the time necessary for Bohr to prepare Plaintiff's reply, this Court will reduce Bohr's claimed 4.0 hours to prepare the reply to 2.0 hours.

The Government also contends that review of the administrative transcript by both attorneys was unnecessary. This Court agrees. Plaintiff asserts that Cerney needed to review the transcript upon receipt to determine the viability of an appeal and whether to represent Plaintiff. Before receiving the transcript, however, Cerney had already reviewed the record and assisted Plaintiff in filing her pro se complaint. To the extent that Cerney delegated preparation of written submissions to Bohr, limiting her role to client contact and review of Bohr's final product, her full review of the transcript was unnecessarily duplicative of the review that Bohr necessarily had to conduct to prepare Plaintiff's written submission. As a result, all 3.7 hours that Cerney spent reviewing the transcript will be disqualified.

This Court rejects the Government's argument that the total attorney time spent litigating Plaintiff's appeal was excessive. Both counsel are experienced in appeals of Social Security benefits litigation. The record in this case was exceptionally lengthy. Both the Administrative Law Judge and the Appeals Council had rejected Plaintiff's claim at the administrative level. Nonetheless, counsel were able to synthesize the facts of the claim and present arguments sufficient to accomplish a stipulated settlement. They are entitled to reasonable compensation for that work.

### III.  Conclusion and Order

This Court ORDERS the payment to Plaintiff of $6543.74, composed of $350.00, filing fee; attorneys' fees of $507.10 (1.6 hours @ $172.85 (2008) + 1.35 hours @ $170.77 (2009)) attributable to Cerney; and $5,686.64 (33.3 hours @ $170.77 (2009)) attributable to Bohr.

IT IS SO ORDERED.

Dated:   November 15, 2010                   /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE