# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA E. UNDERWOOD,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant.<br>_____/ | CASE NO. 1:08-cv-01241-SMS<br><br>ORDER GRANTING MOTION FOR<br>ATTORNEY'S FEES UNDER<br>42 U.S.C. § 406(b)<br><br>(Docs. 35 and 37) |

       Plaintiff moves the Court to grant net attorney's fees of $25,524.87, under 42 U.S.C. § 406(b). Defendant Commissioner has filed a statement of non-opposition. Having reviewed the motion and its supporting documentation, as well as the case file, this Court awards attorney's fees of $25,832.26.

**I.    Legal and Factual Background**

       On August 21, 2008, Plaintiff filed a complaint in this Court appealing Defendant's denial of her application for disability insurance benefits. On January 20, 2009, Plaintiff and attorney Ann M. Cerney entered a contingent fee agreement, providing payment to Cerney of twenty-five per cent of Plaintiff's past due benefits in the event the case was won. By a judgment entered June 16, 2009, this Court remanded the matter to the agency for further proceedings.

       On November 20, 2011, the agency notified Plaintiff of the award of monthly disability benefits beginning in October 2005. Twenty-five per cent of Plaintiff's past due benefit total of $128,104.00 equals $32,026.00. Previously, the Court ordered paid to Plaintiff a fee of

1  $6193.74.00 under the Equal Access to Justice Act (EAJA).  Plaintiff now requests attorney's
2  fees of $25,524.87.00, calculated by subtracting from $32,026.00 an EAJA fee allocation of
3  $6501.13.

II.   **Discussion**

    A.   **Grant of Attorney's Fees**

> Whenever a court renders judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . .

42 U.S.C. § 406(b)(1)(A).

The Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee agreements, taking into account both the character of the representation and the results achieved.  *Gisbrecht*, 535 U.S. at 808.  Congress has provided a single guideline: Contingency agreements are unenforceable to the extent that they provide for fees in excess of twenty-five per cent of past-due benefits.  *Id.* at 807.  Within the twenty-five percent corridor, the attorney for a successful claimant must demonstrate that the fee is reasonable for the services that he or she provided.  *Id.*

"[D]istrict courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases."  *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal. 2003).  Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed.  *Id.*  Here, Plaintiff's attorney accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level.  Plaintiff agreed to the contingent fee. Working efficiently and effectively, Cerney secured a remand, and ultimately, the award of substantial benefits to Plaintiff.

///

///

**B.     Correction of Calculation Error**

The U.S. attorney has called to the Court's attention an error in Plaintiff's calculations, caused by Plaintiff's use in her calculations of the EAJA amount she requested rather the amount awarded by the Court. The Court having confirmed the error, it has recalculated the requested attorney's fees using the correct EAJA fee award, yielding a net amount of $25,832.26 due to Cerney.

**III.    Conclusion and Order**

This Court hereby GRANTS Plaintiff attorney's fees of $32,026.00, net of the previously awarded fee of $6193.74 under the Equal Access to Justice Act (EAJA), for a total amount payable to Plaintiff's attorney Ann M. Cerney of $25,832.26. The balance of funds withheld from Plaintiff's past due benefits, $6193.74, shall be paid to Plaintiff.

IT IS SO ORDERED.

**Dated:   February 14, 2012**                          /s/ Sandra M. Snyder
                                                                  UNITED STATES MAGISTRATE JUDGE